UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| JACOB TSCHUDY, individually and on behalf of all others similarly situated, <br><br> v. <br><br> PEPSICO, INC. | **Case No. 3:22-cv-00210** <br> FED. R. CIV. P. 23 Class Action |

## PLAINTIFF'S ORIGINAL CLASS ACTION COMPLAINT

### SUMMARY

1. Like many other companies across the United States, PepsiCo's timekeeping and payroll systems were affected by the hack of Kronos in 2021.

2. That hack led to problems in timekeeping and payroll throughout PepsiCo's organization.

3. As a result, PepsiCo's workers who were not exempt from the overtime requirements under Wisconsin law, were not paid for all hours worked or were not paid their proper overtime premium after the onset of the Kronos hack.

4. Jacob Tschudy is one such PepsiCo worker.

5. PepsiCo could have easily implemented a system for recording hours and paying wages to non-exempt employees until issues related to the hack were resolved.

6. But it didn't. Instead, PepsiCo used prior pay periods or reduced payroll estimates to avoid paying wages and proper overtime to these non-exempt hourly and salaried employees.

7. PepsiCo pushed the cost of the Kronos hack onto the most economically vulnerable people in its workforce.

8. The burden of the Kronos hack was made to fall on front-line workers—average Americans—who rely on the full and timely payment of their wages to make ends meet.

9. PepsiCo's failure to pay wages, including proper overtime, for all hours worked violates Wisconsin's Wage Payment and Overtime Law, Wis. Stat. §§ 103, 104, 109.01 *et seq.*

10. Tschudy brings this lawsuit to recover these unpaid overtime wages and other damages owed by PepsiCo to him and the non-overtime-exempt workers like him, who were the ultimate victims of not just the Kronos hack, but also PepsiCo's decision to make its front line workers bear the economic burden for the hack.

11. This action seeks to recover the unpaid wages and other damages owed by PepsiCo to all these workers, along with the penalties, interest, and other remedies provided by Wisconsin law.

## JURISDICTION & VENUE

12. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because complete diversity of citizenship exists between the Parties and the amount in controversy exceeds $75,000.

13. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events at issue occurred in this District.

14. Tschudy worked for PepsiCo in this District.

## PARTIES

15. **Plaintiff Jacob Tschudy** is a natural person.

16. Tschudy is a resident and citizen of Wisconsin.

17. Tschudy has been, at all relevant times, an employee of PepsiCo.

18. Tschudy has worked for PepsiCo since February 2007.

19. Tschudy has, at all relevant times, worked for PepsiCo in Wisconsin.

20. Tschudy represents a class of similarly situated workers under Wisconsin law pursuant to Federal Rule of Civil Procedure 23. This "Wisconsin Class" is defined as:

> **All current or former hourly and salaried employees of PepsiCo, including its subsidiaries and alter egos, who were not exempt from overtime pay and who worked for PepsiCo in Wisconsin at any time since the onset of the Kronos ransomware attack, on or about December 11, 2021, to the present.**

21. Throughout this Complaint, the Wisconsin Class Members are also referred to as the "Similarly Situated Workers."

22. **Defendant PepsiCo, Inc. ("PepsiCo")** is a North Carolina corporation.

23. PepsiCo maintains its headquarters and principal place of business in New York.

24. PepsiCo conducts business in a systematic and continuous manner throughout Wisconsin and this District.

25. PepsiCo may be served by service upon its registered agent, **CT Corporation System, 301 S. Bedford St., Ste. 1, Madison, WI 53703**, or by any other method allowed by law.

26. At all relevant times, PepsiCo exerted operational control over its subsidiaries and alter egos.

27. At all relevant times, PepsiCo substantially controlled the terms and conditions of employment for workers of its subsidiaries and alter egos.

28. At all relevant times, PepsiCo had a common control and management of labor relations regarding employees of its subsidiaries and alter egos.

29. PepsiCo employed and/or jointly employed, with its subsidiaries and alter egos, Tschudy and the Similarly Situated Workers.

30. PepsiCo and its respective subsidiaries and alter egos are joint employers for purposes of Wisconsin law.

## FACTS

31. PepsiCo is a food, snack, and beverage corporation.

32. Many of PepsiCo's employees are paid by the non-overitme-exempt hourly and salaried workers.

33. Since at least 2021, PepsiCo has used timekeeping software and hardware operated and maintained by Kronos.

34. On or about December 11, 2021, Kronos was hacked with ransomware.

35. The Kronos interfered with its clients, including PepsiCo's, ability to use Kronos's software and hardware to track hours and pay employees.

36. Since the onset of the Kronos hack, PepsiCo has not kept accurate track of the hours that Tschudy and Similarly Situated Workers have worked.

37. Instead, PepsiCo has used various methods to estimate the number of hours Tschudy and Similarly Situated Workers work in each pay period.

38. For example, PepsiCo issued paychecks based on the workers' scheduled hours, or simply duplicated paychecks from pay periods prior to the Kronos hack.

39. This means that employees who were non-exempt and who worked overtime were in many cases paid less than the hours they worked in the workweek, including overtime hours.

40. Even if certain overtime hours were paid, the pay rate would be less than the full overtime premium.

41. Many employees were not even paid their non-overtime wages for hours worked before 40 in a workweek.

42. Tschudy is one such employee.

43. Instead of paying Tschudy for the hours he actually worked (including overtime hours), PepsiCo simply paid based on estimates of time or pay, or based upon arbitrary calculations and considerations **other than** Tschudy's actual hours worked and regular pay rates.

44. In some instances, Tschudy was paid portions of overtime hours worked, but the overtime rate was not at the proper overtime premium of at least 1.5x the regular rate of pay, including required adjustments for shift differentials and non-discretionary bonsuses.

45. In properly calculating and paying overtime to a non-exempt employee, the only metrics that are needed are: (1) the number of hours worked in a day or week, and (2) the employee's regular rate, taking into account shift differentials, non-discretionary bonuses, and other adjustments required by law.

46. PepsiCo knows it have to pay proper overtime premiums to non-exempt hourly and salaried employees.

47. PepsiCo knows this because, prior to the Kronos hack, it routinely paid these workers for all overtime hours at the proper overtime rates.

48. PepsiCo knows it has to pay the wages it agreed to pay its employees.

49. PepsiCo knows this because, prior to the Kronos hack, it routinely paid these workers for all hours worked at the rates it agreed to pay them.

50. PepsiCo could have instituted any number of methods to accurately track and timely pay its employees for all hours worked.

51. Instead of accurately tracking hours and paying employees wages and overtime, PepsiCo decided to arbitrarily pay these employees, without regard to the wages and overtime they were owed.

52. It was feasible for PepsiCo to have its employees and managers report accurate hours so they could be paid for the work they did for the company.

53. But PepsiCo chose not to do that.

54. In other words, PepsiCo pushed the effects of the Kronos hack onto the backs of their most economically vulnerable workers, making sure that it kept the money owed to those employees in its own pockets, rather than take steps to make sure its employees were paid on time and in full for the work they did.

55. Tschudy is one of PepsiCo's employees who had to shoulder the burden of this decision by PepsiCo.

56. Tschudy was and is a non-exempt hourly employee of PepsiCo.

57. Tschudy regularly works over 40 hours per week for PepsiCo.

58. Tschudy's normal, pre-Kronos hack hours are reflected in PepsiCo's records.

59. Since the Kronos hack, PepsiCo has not paid Tschudy for him actual hours worked each week.

60. Since the hack took place, PepsiCo has not been accurately recording the hours worked by Tschudy and its other workers.

61. Even though PepsiCo has had Tschudy record and submit him hours, PepsiCo have not issued proper payment for all hours worked.

62. Even when PepsiCo has issued payment to Tschudy for any overtime, the overtime is not calculated based on Tschudy's regular rates, as required by Wisconsin law.

63. PepsiCo was aware of the overtime requirements of Wisconsin law.

64. PepsiCo nonetheless failed to pay the full overtime premium owed to certain non-exempt hourly and salaried employees, such as Tschudy.

65. PepsiCo's failure to pay overtime to these non-exempt workers was, and is, a willful violation of the NJSWHL.

66. The full overtime wages owed to Tschudy and the Similarly Situated Workers became "unpaid" when the work for PepsiCo was done—that is, on Tschudy and the Similarly Situated Workers' regular paydays.

67. At the time PepsiCo failed to pay Tschudy and the Similarly Situated Workers in full for their overtime hours by their regular paydays, PepsiCo became liable for all prejudgment interest, liquidated damages, penalties, and any other damages owed under federal law.

68. In other words, there is no distinction between late payment and nonpayment of wages under the law.

69. The untimely payment of overtime wages, in itself, does not resolve a claim for unpaid wages under the law.

70. Nor does the untimely payment of wages, if any, compensate workers for the damages they incurred due to PepsiCo's acts and omissions resulting in the unpaid wages in the first place.

71. Tschudy and the Similarly Situtated Workers remain uncompensated for the wages and other damages owed by PepsiCo under Wisconsin law.

## CLASS ACTION ALLEGATIONS

72. Tschudy incorporates all other allegations.

73. The illegal practices PepsiCo imposed on Tschudy were likewise imposed on the Wisconsin Class members.

74. Numerous other individuals who worked for PepsiCo were were not properly compensated for all hours worked, as required by Wisconsin law.

75. The Wisconsin Class is so numerous that joinder of all members of the class is impracticable.

76. PepsiCo imposed uniform practices and policies on Tschudy and the Wisconsin Class members regardless of any individualized factors.

77. Based on him experience and tenure with PepsiCo, as well as coverage of the Kronos hack, Tschudy is aware that PepsiCo's illegal practices were imposed on the Wisconsin Class members.

78. Wisconsin Class members were all not paid proper overtime when they worked in excess of 40 hours per week.

79. PepsiCo's failure to pay wages and overtime compensation in accordance with Wisconsin law results from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the Wisconsin Class members.

80. PepsiCo's failure to pay wages and overtime compensation results from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the Wisconsin Class members.

81. Tschudy's experiences are therefore typical of the experiences of the Wisconsin Class members.

82. Tschudy has no interest contrary to, or in conflict with, the members of the Wisconsin Class. Like each member of the proposed class, Tschudy has an interest in obtaining the unpaid wages and other damages owed under the law.

83. A class action, such as this one, is superior to other available means for fair and efficient adjudication of the lawsuit.

84. Absent this action, many Wisconsin Class members likely will not obtain redress of their injuries and PepsiCo will reap the unjust benefits of violating Wisconsin law.

85. Furthermore, even if some of the Wisconsin Class members could afford individual litigation against PepsiCo, it would be unduly burdensome to the judicial system.

86. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the classes and provide for judicial consistency.

87. The questions of law and fact common to each of the Wisconsin Class members predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

    a. Whether the Wisconsin Class members were not paid overtime at 1.5 times their regular rate of pay for hours worked in excess of 40 in a workweek; and

    b. Whether PepsiCo's failure to pay overtime at the rates required by law violated Wisconsin law.

88. Tschudy's claims are typical of the Wisconsin Class members. Tschudy and the Wisconsin Class members have all sustained damages arising out of PepsiCo's illegal and uniform employment policies.

89. Tschudy knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a class action.

90. Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude class action treatment.

**CAUSE OF ACTION—VIOLATIONS OF WISCONSIN WAGE PAYMENT AND OVERTIME LAW**

91. Tschudy incorporates all other allegations.

92. The conduct alleged in this Complaint violates Wisconsin's Wage Payment and Overtime Law, Wis. Stat. §§ 103, 104, 109.01 *et seq.*

93. PepsiCo was and is an "employer" within the meaning of Wis. Stat. §§ 103.001(6), 104.01(3), and 109.01(2).

94. At all relevant times, PepsiCo employed Tschudy and the other Wisconsin Class members as "employees" within the meaning of Wis. Stat. §§ 103.001(5), 104.01(2), and 109.01(1r).

95. Wis. Stat. § 103.02 and DWD 274.03 require an employer like PepsiCo to pay overtime to all non-exempt employees.

96. Tschudy and the other Wisconsin Class members are non-exempt employees who are entitled to be paid overtime for all overtime hours worked.

97. Wis. Stat. § 103.02 and DWD 274.03 requires overtime to be paid at a rate of no less than 1.5x the employee's regular hourly rate for each hour of working time in excess of 40 each week.

98. Within the applicable limitations period, PepsiCo had a policy and practice of failing to pay proper overtime to the Wisconsin Class members for their hours worked in excess of 40 hours per week.

99. As a result of PepsiCo's failure to pay proper overtime to Tschudy and the Wisconsin Class members for work performed in excess of 40 hours in a workweek, PepsiCo violated Wis. Stat. § 103.02 and DWD 274.03.

100. PepsicCo owes Tschudy and the Wisconsin Class members the difference between the rate actually paid for overtime, if any, and the proper overtime rate.

101. PepsiCo knowingly carried out this illegal pattern and practice of failing to pay the Wisconsin Class members proper overtime compensation.

102. PepsiCo also owes Tschudy and the Wisconsin Class members an additional amount of at least 50% of the unpaid wages as liquidated damages. Wis. Stat. § 109.11(2).

103. Tschudy and the Wisconsin Class members are entitled to recovery their unpaid wages at 1.5x their regular rates of pay, liquidated damages, attorney's fees, costs, interest, and all other legal and equitable relief provided by Wisconsin law.

### RELIEF SOUGHT

Tschudy prays for judgment against PepsiCo as follows:

a. For an order certifying a class action for the Wisconsin law claims;

b. For an order finding PepsiCo liable for violations of state wage laws with respect to Tschudy and all Wisconsin Class members covered by this case;

c. For a judgment awarding all unpaid wages, liquidated damages, and penalties, to Tschudy and all Wisconsin Class members covered by this case;

d. For an equitable accounting and restitution of wages due to Tschudy and all Wisconsin Class members members covered by this case;

e. For a judgment awarding attorneys' fees to Tschudy and all Wisconsin Class members covered by this case;

f. For a judgment awarding costs of this action to Tschudy and all Wisconsin Class members covered by this case;

g. For a judgment awarding pre- and post-judgment interest at the highest rates allowed by law to Tschudy and all Wisconsin Class members covered by this case; and

h. For all such other and further relief as may be necessary and appropriate.

Respectfully submitted,

*/s/ Matthew S. Parmet*
By: _____
    **Matthew S. Parmet**
    TX Bar # 24069719
**PARMET PC**
3 Riverway, Ste. 1910
Houston, TX 77056
phone 713 999 5228
matt@parmet.law

**Attorneys for Plaintiff**